

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00414-CV

INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA,

                                        Appellant

 v.

MERLE A. HUGHES,

                                        Appellee

_____

**From the County Court at Law
Hill County, Texas
Trial Court No. 46131**

# M E D I A T I O N   O R D E R

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2005). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002 (West 2005). Mediation is a form of ADR. Mediation is a mandatory but non-binding

settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a) (West 2005); 10TH TEX. APP. (WACO) LOC. R. 9.

The parties are ordered to confer and attempt to agree upon a mediator. Within fourteen days after the date of this Order, Jes Alexander is ordered to file a notice with the Clerk of this Court which either identifies the agreed-upon mediator or states that the parties are unable to agree upon a mediator. If the notice states that the parties are unable to agree upon a mediator, this Court will assign a mediator.

Mediation must occur within thirty days after the date the above-referenced notice agreeing to a mediator is filed or, if no mediator is agreed upon, within thirty days after the date of the order assigning a mediator.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to

mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

In the docketing statement, Appellant Insurance Company of the State of Pennsylvania states that the appeal should not be referred to mediation because the Labor Code and TDI Rules prohibit the compromise of such claims. We note that the Labor Code provides:

> (a) A claim or issue may not be settled contrary to the provisions of the appeals panel decision issued on the claim or issue unless a party to the proceeding has filed for judicial review under this subchapter or Subchapter G. The trial court must approve a settlement made by the parties after judicial review of an award is sought and before the court enters judgment.

TEX. LABOR CODE ANN. § 410.256 (a) (West 2006). We do not find a provision prohibiting a referral to mediation after the trial court has entered a judgment.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal to mediation.


PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed November 7, 2013
Do not publish